## Joseph Frackman Company *v.* Krauss.

[No. 11,852. Filed December 10, 1924.]

1. SALES.—*Answer held insufficient in action for value of goods sold.*—In an action for the value of goods sold and delivered, alleged to be a certain amount, paragraphs of answer alleging plaintiff's agreement to accept a return of goods worth $1,500, and offer of return, which was refused, but not denying the value alleged in the complaint, were insufficient, for the reason that a credit for the amount claimed by the defendant would leave a balance due the seller.  p. 243.

2. SALES.—*Instruction as to tender improper, in action for value of goods, without evidence of tender.*—In an action for the value of goods sold and delivered, where defendant claimed an agreement by the seller to allow him credit for the value of goods which were to be returned, an instruction that if plaintiff had agreed to accept returned goods in exchange for goods sold, and subsequently refused to do so, and that if, before the beginning of the action, the defendant had tendered the merchandise and balance due, the verdict should be for the defendant, was reversible error in the absence of any evidence of tender of the amount due.  p. 244.

From Marion Superior Court (12,880); *Linn D. Hay,* Judge.

Action by Joseph Frackman Company against Leo

Krauss. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*William A. Pickens, Linton A. Cox, Earl R. Conder* and *William D. Bain,* for appellant.

*Jackiel. W. Joseph,* for appellee.

McMahan, J.—This is an action by appellant to recover the value of certain merchandise sold to appellee. The complaint is in two paragraphs, the first alleges the sale of merchandise of the reasonable value of $3,610, while the second alleges that appellee agreed to pay the sum set opposite the respective items of merchandise stated in the paragraph.

Appellee's answer is in four paragraphs. The first is a general denial, the second payment. The third alleges, in substance, that appellant, through its authorized salesman, who was one of its officers, viz., vice-president, and who was then acting for appellant, represented to appellee that if he would purchase additional merchandise from appellant, appellant would accept back from appellee two platinum watches, each of the value $750, theretofore purchased by appellee from appellant; that said representative of appellant agreed with appellee that appellee could return said watches and that appellee would receive a credit of $1,500; that appellee thereupon ordered from appellant through said representative certain merchandise and returned the watches to appellant; that appellant refused to accept such watches and returned them to appellee who kept them subject to appellant's order so as to protect them from damage and loss, and that he brought them into court for the use and benefit of appellant. It further alleged that appellee was indebted to appellant in the sum of $1,910 which he brought into court for the use of appellant, and "which sum of money was offered as payment to said plaintiff before this

cause of action was instituted and which sum was refused by said plaintiff."

The fourth paragraph is, in substance, the same as the third, the material difference being that, in the fourth paragraph, appellee admits he is indebted to appellant in the sum of $1,951.50, which sum it is alleged was offered appellant before the commencement of the action and refused and that said sum was brought into court for the use of appellant.

Demurrers were filed to the third and fourth paragraphs of answer and overruled. Later a fifth paragraph of answer was filed. In this paragraph, appellee admitted he was indebted to appellant in the sum of $1,810.50, and alleged the offer of that sum to appellant, its refusal and the bringing of that sum into court for the use of appellant. A reply in denial was filed to the affirmative answers. There was a trial by jury which resulted in a verdict and judgment for appellee and against appellant for costs.

The errors assigned relate to the action of the court in overruling the demurrers to the third and fourth paragraphs of answer and in overruling the motion for a new trial.

In discussing the sufficiency of the third and fourth paragraphs of answer, we must keep in mind that the complaint alleged the sale of merchandise of the value of $3,610. In each of said paragraphs of answer, appellee admits the purchase of merchandise but neither admits nor denies the allegations of the complaint wherein the items so sold to appellee and their value are set forth. The claim of appellee, as set forth in these paragraphs, is that appellant agreed to accept as part payment of the merchandise so purchased two certain watches at the agreed value of $1,500; that appellee thereafter sent said watches to appellant and asked credit for $1,500; that appellant

refused to accept the watches and to give appellee credit for their value, and that, before the commencement of this action, appellee "offered" appellant a named sum of money, in payment of the amount due appellant, and that the money so offered appellant and refused by it was brought into court for the use of appellant. According to the complaint, there would be a balance of $2,110 due and owing on the account by appellee if he were given a credit of $1,500 on account of the alleged agreement to accept said watches as part payment of the account. It is doubtful whether either of said paragraphs of answer properly alleges a tender, but, as we view the case, we are not required to decide that question. It is clear that the amount which is alleged to have been "offered" appellant was not, in the absence of a denial as to the value of the merchandise as alleged in the complaint, sufficient to cover the amount confessedly due appellant. This being true, the demurrers should have been sustained.

Under the assignment that the court erred in overruling the motion for a new trial, appellant insists the court erred in giving instructions Nos. 6, 7 and 8. The sixth instruction was to the effect that if appellant agreed to accept the two watches in exchange for merchandise but refused to do so and if, before the beginning of this action, appellee tendered the watches and the balance of cash due appellant and paid the same into court for the use of appellant, the verdict should be for the defendant. The seventh instruction, in so far as it relates to the return of the watches and a tender of the money and form of verdict, was, in substance, the same as the sixth. The eighth instruction told the jury that if it found there was an agreement between appellee and authorized agent of appellant to receive the two watches in payment of the sum due appellant, their verdict should be for the

appellee. The giving of each of these instructions constitutes reversible error. There is no evidence that appellee ever tendered appellant the amount due, even if it be conceded appellant was under obligation to accept the return of the watches. Appellee while testifying as a witness repeatedly stated that he made no tender, before the commencement of the action, of the amount which he admitted was due appellant. And if it be conceded a legal tender of the amount due was made before the commencement of the action, and, that the tender was kept good by paying the money into court and by bringing the watches into court for the use of appellant, the verdict should even then have been in appellant's favor for the amount which was actually due appellant. Conceding also appellee was entitled to return the two watches and receive a credit of $1,500 on their return, conceding also the facts to be true as alleged in the third paragraph of answer, appellant was entitled to a verdict for at least $1,910.50. If the facts alleged in the fourth paragraph of answer be conceded, appellant was entitled to a verdict for at least $1,951.50. And if the purchase price of the goods sold to appellee was $3,610, as alleged in the complaint, and appellee was entitled to a credit of $1,500 on account of the watches, appellant would have been entitled to a verdict for at least $2,110. And, in this connection, it is proper to call attention to the fact that the only forms of verdict submitted to the jury were (1) a general verdict for appellee and (2) a general verdict for appellant in the sum of ———— dollars, without reference to the issue of tender. The jury were instructed that they must use the first form if they found for appellee and if they found for appellant they should use the second form.

As heretofore indicated, the evidence did not warrant the court in submitting the question of tender to

the jury.   No question is raised as to the failure of appellee to deposit the two watches in court for the use of appellant, and we are not called upon to decide what the effect of the failure would have been if presented. We have said enough to indicate that the verdict is not sustained by the evidence.

The judgment is reversed, with direction to sustain the motion for a new trial, and for further proceedings consistent with this opinion.